## STATE *vs.* HOWARD E. LARMER.

1. EMBEZZLEMENT—QUESTION FOR JURY.

In prosecution of defendant street car conductor for embezzlement of certain fares, the guilt or innocence *held*, under the evidence, for the jury.

2. EMBEZZLEMENT—DEFINITION.

Embezzlement is where one fraudulently appropriates the property of another intrusted to his care, or fraudulently misapplies it, instead of applying it to its proper and authorized purpose.

3. EMBEZZLEMENT—ELEMENTS OF OFFENSE.

In prosecution of street car conductor for embezzlement of fares, it was necessary to prove that property actually came into the custody of defendant, and while in his custody that he embezzled or fraudulently misapplied or converted it to his own use.

4. EMBEZZLEMENT—OF ALL ARTICLES ALLEGED.

In prosecution of street car conductor for embezzlement of fares, it was unnecessary to prove embezzlement or fraudulent misapplication or conversion of all articles alleged.

5. EMBEZZLEMENT—INTENT TO DEFRAUD—EVIDENCE.

In prosecution of street car conductor for embezzlement of fares, the intent to defraud was necessary to be shown, but could be proved either by direct evidence or by the circumstances from which it might be inferred.

(*December* 13, 1918.)

BOYCE and RICE, J. J., sitting.

*Percy Warren Green,* Deputy Attorney-General, for the State.

*W. W. Knowles* and *Daniel O. Hastings* for the accused.

Court of General Sessions, New Castle County, November Term, 1918.

INDICTMENT No. 112, September Term, 1918.

Howard E. Larmer was indicted and tried for embezzlement. Verdict not guilty.

The indictment charged the accused, who was a conductor of a street car of the Wilmington & Philadelphia Traction Company, with the embezzlement of certain fares on July twenty-third, 1918. The state introduced evidence showing that on the trip of a certain car of the company, leaving Shellpot Park on the above date, for Front and Union streets, the accused collected in all sixteen six-cent cash fares from passengers on said car which

he failed to ring up on the register and failed to show on his sheet or report turned in to the office of the company covering the trip.

When the state rested, counsel for the accused moved the court to instruct the jury to find a verdict of not guilty on the ground that the evidence of the state failed to show the amount of money collected by the accused which he failed to turn over to the company. The motion was denied.

At the conclusion of the testimony, the Deputy Attorney General asked the court to instruct the jury that on a charge for embezzlement it is not necessary to show that all the goods or moneys named in the indictment were embezzled; that if the jury believed any cash fares were collected by the accused from passengers on the car and that he appropriated any part thereof to his own use, such appropriation would constitute embezzlement, and the amount of money embezzled is immaterial. *State v. Briscoe*, 6 *Pennewill* 401, 67 *Atl.* 154: *State v. Curtin*, 5 *Boyce*, 518, 95 *Atl.* 232; *State v. Davis*, 3 *Pennewill*, 220, 50 *Atl.* 99; *State v. Tyre*, 6 *Pennewill* 343, 67 *Atl.* 199; *State v. Hartnett*, 7 *Pennewill*, 204 74 *Atl.* 82.

Counsel for defendant requested the court to instruct the jury to find a verdict of not guilty.

RICE, J., charging the jury:

This indictment in which Howard E. Larmer is charged with embezzlement, contains four counts. The substance of the second count is "that Howard E. Larmer on the twenty-third day of July of the present year, being a servant of the Wilmington & Philadelphia Traction Company and by virtue of his employment as a servant, then and there whilst he was so employed as a servant as aforesaid, received certain moneys, goods and chattels, to wit: sundry coins of the aggregate value of ninety-six cents belonging to the said Wilmington & Philadelphia Traction Company for and in the name and on account of the said Wilmington & Philadelphia Traction Company, and which were then and there in his custody as servant of the said Wilmington & Philadelphia Traction Company, and the said money, goods and chattels then and there he unlawfully did embezzle," etc.

The fourth count is similar to the second, except that he is charged with unlawfully and fraudulently misapplying funds of the Wilmington & Philadelphia Traction Company which came into his hands as a servant of the company.

The first and the third counts are similar to the second and the fourth counts, respectively, except that in the first count and in the third count it is alleged that he was a clerk in the employ of the Wilmington & Philadelphia Traction Company. In general terms, the accused is charged with embezzling funds of the Wilmington & Philadelphia Traction Company which came into his hands as the clerk or agent of the company.

The offense charged is a statutory one and as the statutes vary in their terms, it would be difficult to form a definition of embezzlement applicable to all the statutes. In a general way, it may be described as the embezzling of property designated in the statute by the person and under the circumstances stated therein. The act of embezzling consists of the fraudulent appropriation by one of another's goods to his own use, or at least depriving the true owner of them by a fraudulent conversion.

The statute of this state under which this indictment is found is as follows:

"Every cashier, servant, agent, or clerk to any person, or to any body corporate, or being employed for the purpose, or in the capacity of a cashier, servant, agent or clerk by any person or body corporate, who shall embezzle, fraudulently abstract or misapply any money, goods, bill, note, bond, check, evidence of debt, or other valuable security, or effects, which, or any part whereof, shall be delivered to, or received, or taken into possession by him, or to which he has access for, or in the name, or on account of his master, or employer, although such money, goods, bill, note, bond, check, evidence of debt, or other valuable security, or effects, was not received into the possession of such master, or employer, otherwise than by the actual possession of his cashier, servant, agent, clerk, or other person, so employed, shall be deemed guilty of a misdemeanor." *Rev. Code* 1915, § 4751.

[1] Counsel for accused has requested the court to give the jury binding instructions to find in favor of the accused, or to find a verdict of not guilty. This we decline to do, because we think the case should be submitted to the jury and that the guilt or innocence of the accused should be determined by the jury from the evidence presented at the trial and the law as the court shall state it.

[2-5]   Embezzlement is where one fraudulently appropriates the property of another intrusted to his care, or fraudulently misapplies it instead of applying it to its proper and authorized purpose.   And it is necessary for the state to prove that the property actually came into the custody of the defendant and while being in his custody he embezzled or fraudulently misapplied or converted it to his own use.   It is not necessary for the state to prove such embezzlement or fraudulent misapplication or conversion of all of the articles alleged.   The proof of such embezzlement or fraudulent misappropriation or conversion by the accused of any part of the money described in the indictment will be sufficient if proved to your satisfaction beyond a reasonable doubt.   In this offense the intent to defraud—that is, the bad faith—is necessary to be shown before the defendant can be found guilty.   The fraudulent intent may be proved either by direct evidence or by the evidence of circumstances from which the fraudulent intent may be inferred.   *   *   *

It is your duty to determine this case from the evidence introduced at the trial, and you should not permit any prejudice or sympathy to enter into your deliberations.   If, after considering all the evidence in the case, you believe that the defendant did embezzle or misapply the funds of the Traction Company as alleged in the indictment and believe that beyond a reasonable doubt, then your verdict should be guilty.   But, if, after considering all the evidence in the case, you have a reasonable doubt as to the guilt of the accused or believe him to be not guilty, then your verdict should be not guilty.

Verdict not guilty.